```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :    **MEMORANDUM**
            -against-                                       :    **DECISION AND ORDER**
                                                            :
                                                            :    16-cr-221 (BMC)
BRADFORD PERRY,                                             :
                                                            :
                                  Defendant.                :
----------------------------------------------------------  X
```

**COGAN,** District Judge.

Before me is defendant's motion to reduce his sentence to time served pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that his medical conditions, combined with the risk of contracting COVID-19, constitute extraordinary and compelling reasons for his release from prison before the termination of his sentence. Although his risk of contracting COVID-19 would not be sufficient by itself or even with his risk factors to warrant his release, his compliant conduct while in custody, his physical impairments and illnesses, and the relatively short time he has remaining to serve justify granting the motion.

## BACKGROUND

On July 10, 2017, this Court sentenced defendant to 81 months in prison. Defendant, now 53, had pled guilty to a two-count indictment for distribution and possession with intent to distribute heroin and unlawful use of a firearm. Defendant's convictions stemmed from a search warrant in which law enforcement recovered a semi-automatic pistol containing eight rounds of ammunition, 31 grams of heroin, and approximately $23,000 in cash. This was merely the latest of many arrests for possession of firearms and narcotics throughout defendant's life.

Defendant is incarcerated at FMC Devens in Ayer, Massachusetts. He is projected to be released on December 4, 2021. He is eligible for reassignment to a residential reentry center in about three months.

On April 18, 2020, defendant submitted a request for compassionate release to the Warden of FMC Devens and has not received a response. On August 14, 2020, defendant filed the instant motion. He seeks to reduce his sentence to time served to begin his three-year term of supervised release, with a special condition of home confinement not to extend past December 4, 2021.

Defendant's motion is largely based on the COVID-19 pandemic. Defendant suffers from multiple medical ailments that increase his risk of severe complications or death from COVID-19. He has high blood pressure, high cholesterol, diabetes type 2, and a Body Mass Index marginally over 30. In addition, defendant is paralyzed from the waist down and in constant nerve pain, making it difficult for him to self-quarantine or social distance at FMC Devens because he must rely on the assistance of other inmates for many daily tasks.

At FMC Devens, fifty-six inmates and staff have tested positive for COVID-19 since the pandemic began and two inmates have died. Presently, one inmate and two staff members have confirmed cases.

The Government opposes the motion, arguing that defendant's medical conditions were considered at sentencing and his circumstances do not warrant compassionate release. The Government further argues that defendant is a danger to the community.

## DISCUSSION

In general, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a convicted defendant may bring a motion to reduce the term of

2

his imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may only apply to the court for release under this provision once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden." Id. § 3582(c)(1)(A). Here, defendant fully exhausted his administrative rights.

Upon proper exhaustion, a court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The moving defendant bears the burden of showing that these factors compel his release. See United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")).

Absent a terminal illness, the Sentencing Commission would permit compassionate release because of a defendant's medical condition if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A). Release may also be appropriate if there exists some other "extraordinary and compelling reason" not specifically provided for in the Guidelines. Id. § 1B1.13(1)(D). But any early release must be predicated on a finding that the "defendant is not a danger to the safety of any other person or to the community." Id. § 1B1.13(2).

It is a close call whether the risks posed by COVID-19 favor defendant's compassionate release. Although FMC Devens historically has had nearly sixty cases, it presently has only three. This suggests that BOP's mitigation measures are working.[1]

However, defendant's paralysis makes it difficult for him to take basic precautions to avoid infection because he has to rely on other inmates to help him with daily tasks requiring close contact. Thus, even with BOP's mitigation measures, defendant faces a heightened risk of contracting COVID-19 as compared to other inmates at FMC Devens. In addition, defendant's medical ailments place him at a higher risk of developing complications from an infection. These unique circumstances compel the conclusion that defendant suffers from a medical condition "that substantially diminishes [his] ability . . . to provide self-care" and from which he "is not expected to recover." See U.S.S.G. § 1B1.13 Application Note 1(A).[2]

That brings us to consideration of the § 3553 factors. Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). "Courts have found during the coronavirus pandemic that, even where an individual has medical conditions which make him vulnerable to COVID-19, his danger to the community may ultimately outweigh his health concerns and the balance of factors weighs against release." United States v. Miranda, No. 16-CR-128, 2020 WL 2124604, at *4 (D. Conn. May 5, 2020) (collecting cases).

---

[1] Defendant suggests that the fact that most inmates who tested positive are listed as "recovered" should not be taken at face value. I don't see why not. The plain meaning of "recovered" is that they no longer need to be treated for COVID-19, and defendant has offered nothing to the contrary besides speculation.

[2] I reject the Government's argument that I already took into account defendant's medical conditions at sentencing. I considered his paralysis but did not consider his other conditions, including the post-sentence diabetes diagnosis.

As to the nature and circumstances of defendant's crime, I will not understate its seriousness – drugs and guns, with which he has been involved the vast majority of his life. He apparently deals drugs out of his home so being in a wheelchair did not prevent that.

However, requiring him to reside with his supportive family members and a search condition will greatly alleviate the risk. In addition, he has had no infractions while in custody which suggests that he is able to follow rules of confinement, albeit that they will be looser rules under home detention. In addition, the period of potential risk that we are addressing is relatively short – defendant would likely be reassigned to a residential reentry center within a few months, and his term of custody is expected to end on December 4, 2021. He has served over 80 percent of his sentence.

These unique circumstances compel me to conclude that little would be achieved by requiring defendant to serve the full term of his sentence. Although his risk of contracting COVID-19 is not a substantial factor in this determination, when added to the other factors discussed above and his upcoming reassignment and release dates, it is sufficient cause to grant the motion.

## CONCLUSION

Defendant's motion to reduce his sentence is granted. An amended judgment will be entered sentencing him to time served. Supervised release will be under the terms and conditions set forth in the original judgment. Those are incorporated here by reference. In addition, a special condition will be added placing defendant on home confinement through December 4, 2021, during which he must reside in the home of his sister or adult daughter, and the other terms

and conditions of supervised release shall also commence upon his release from custody. He must also advise whichever family member with whom he resides of the search condition.

**SO ORDERED.**

                                                                                          U.S.D.J.

Dated: Brooklyn, New York
         August 31, 2020